Argued and submitted November 24, 2014; on appeal, affirmed; on cross-appeal, statutory liability claim reversed; otherwise affirmed June 29; petition for review denied December 8, 2016 (360 Or 697)

Tyler WINGETT,
*Plaintiff-Appellant*
*Cross-Respondent,*
*and*

STATE OF OREGON,
Department of Justice,
*Cross-Respondent,*

*v.*

Gary SILBERNAGEL,
*Defendant-Respondent,*
*and*

Ryan W. COLLIER,
Personal Representative of
the Estate of Kyle Edward Entrekin,
Deceased,
*Defendant-Respondent*
*Cross-Respondent,*
*and*

Eric SILBERNAGEL
and Lawrence Silbernagel,
*Defendants-Respondents*
*Cross-Appellants,*
*and*

Denise SILBERNAGEL,
*Defendant.*

Linn County Circuit Court
083505; A151510

379 P3d 570

Brian R. Whitehead argued the cause and filed the briefs for appellant-cross-respondent.

Thomas M. Christ argued the cause for respondent Gary Silbernagel and respondents-cross-appellants Eric Silbernagel and Lawrence Silbernagel. With him on the briefs were Julie A. Smith and Cosgrave Vergeer Kester LLP.

Ryan W. Collier argued the cause and filed the briefs for respondent-cross-respondent Estate of Kyle Edward Entrekin.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.*

---

* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

**EGAN, J.**

Plaintiff, who was injured in a motor vehicle accident as a passenger, brought this action against the estate of the driver, Entrekin, and the social hosts who served Entrekin alcohol while he was visibly intoxicated, Eric and Lawrence Silbernagel.[1] The jury returned a verdict for plaintiff and against Entrekin and the Silbernagels on plaintiff's claims for negligence and for statutory liability under ORS 471.565(2). The court, after refusing to make the Silbernagels jointly liable, entered a judgment imposing several liability against each defendant based on the jury's fault allocation. Plaintiff appeals and the Silbernagels cross-appeal. For the reasons set out below, we affirm on appeal and, on cross-appeal, reverse the judgment on the statutory liability claim and otherwise affirm.

On cross-appeal, the Silbernagels seek reversal of the judgment for plaintiff on the statutory liability claim and a new trial on the negligence claim. Because the Supreme Court recently held in *Deckard v. Bunch*, 358 Or 754, 370 P3d 478 (2016), that ORS 471.565(2) does not provide an independent statutory right of action against a social host who serves alcohol to a visibly intoxicated person, we reverse the judgment for plaintiff on the statutory liability claim. That conclusion renders moot the Silbernagels' second assignment of error on cross-appeal and plaintiff's third assignment of error on appeal. On the Silbernagels' remaining assignment of error challenging the admission of evidence that minors were invited to the party and served alcohol, we affirm. Because we do not grant a new trial, we do not reach plaintiff's precautionary cross-assignments of error.

On appeal, plaintiff assigns error to the trial court's refusal to combine, post-verdict, the allocated fault of Eric and Lawrence under ORS 31.605(4) based on a theory that they were acting "in concert" and should be jointly liable. We conclude that ORS 31.605(4) does not permit a trial court to

---

[1] Plaintiff also brought his action against Gary Silbernagel, the father of Eric and Lawrence. However, none of the issues raised by the parties on appeal pertain to Gary because the jury determined that Gary did not cause plaintiff's injuries. Thus our references to "the Silbernagels" are only to Eric and Lawrence.

combine defendants' allocated fault in the judgment when the jury has assessed that fault separately. We also reject plaintiff's remaining assignment of error because, contrary to plaintiff's argument, the trial court did make a post-verdict finding on vicarious liability as requested by plaintiff—the court found that Eric and Lawrence were not vicariously liable for each other's conduct. Accordingly, we affirm on appeal.

"Because this case comes to us after a trial at which the jury found in plaintiff's favor, we view all the evidence, and the inferences that reasonably may be drawn from it, in the light most favorable to plaintiff." *Greist v. Phillips*, 322 Or 281, 285, 906 P2d 789 (1995). In accordance with that standard, the pertinent facts are as follows.

Eric and Lawrence, who were both over 21 years old, threw an outdoor party on property owned by their father, Gary. For the party they supplied four kegs of beer. They also made it a "locked gate" party, which meant that the attendees' cars were locked behind a gate on the property so that they could not drive away until the next morning. Eric let in people he or his brothers knew at the gate and told them their cars would be locked in. Eric locked the gate at approximately 11:30 p.m. and joined the party. Lawrence estimated that about 100 people were at the party, of which approximately 25 were minors.

Plaintiff, who was 18 years old, and Entrekin, who was 23 years old, arrived at the party around midnight, after the gate had been locked, to pick up Entrekin's sister. Plaintiff parked the car outside of the gate. Entrekin had been drinking alcohol before they got to the party and was visibly intoxicated when they arrived. Once at the party, both plaintiff and Entrekin drank alcohol, although it was disputed whether it was alcohol supplied by the Silbernagels or alcohol that they or someone else had brought to the party. Part of the Silbernagels' defense was their contention that plaintiff and Entrekin were party crashers—that is, they had not been invited and were not admitted to the party by the Silbernagels at the gate—and that the Silbernagels had not supplied alcohol to Entrekin because the kegs were dry before he arrived.

At some point, Entrekin decided that he needed to leave the party quickly and got plaintiff. Entrekin drove away with plaintiff and crashed the car into a telephone pole. Plaintiff sustained serious injuries from the accident that required extensive hospitalization and rehabilitation. Entrekin died from his injuries. At the time of the accident, plaintiff's blood alcohol level was .17 to .18 percent and Entrekin's blood alcohol level was .18 to .19 percent.

Plaintiff brought this action against Entrekin, Eric, and Lawrence based on claims of negligence and statutory liability under ORS 471.565(2). The claims against Eric and Lawrence were based on their status as social hosts that served Entrekin alcohol while he was visibly intoxicated.

The jury found for plaintiff on both the negligence and statutory liability claims. On the negligence claim, the jury assessed the comparative fault to each party as follows: Entrekin - 45 percent; Eric Silbernagel - 18 percent; Lawrence Silbernagel - 13 percent; and plaintiff - 24 percent. On the statutory liability claim, the jury found that Eric and Lawrence had provided alcohol to Entrekin while he was visibly intoxicated, and allocated fault as follows: Entrekin - 60 percent; Eric Silbernagel - 18 percent; Lawrence Silbernagel - 17 percent; and plaintiff - 5 percent. The jury awarded plaintiff $515,305 in economic damages, $1,250,000 in non-economic damages, and $50,000 in punitive damages each against Eric and Lawrence.

After receiving the jury's verdict, plaintiff sought to have the trial court combine the fault of Eric and Lawrence as if they were a single person. Plaintiff did so by submitting a proposed form of judgment that included a finding not made by the jury—that Eric and Lawrence acted "in concert" in causing plaintiff's injuries and "therefore it is equitable to treat them as one [d]efendant"—combined Eric's and Lawrence's fault allocations into a single allocation, and held Eric and Lawrence jointly liable for $546,624 of plaintiff's damages. The court declined to combine Eric's and Lawrence's fault, concluding that it would be inequitable to do so:

"When I read those statutes I think it looks to me like the Court would have authority [to join defendants]. * * * [But] I wasn't able to find a good answer.

"So assuming that I do have the authority to do it, I think I also have the discretion, even if the Court were to make a finding that they were' acting in concert, I think I have an equitable duty to make a determination that it can go one way or the other. I mean, I don't think I'm bound, even if I were to make a finding that they acted in concert[,] that they need to be joined. I think it's an equitable decision about what's ultimately fair in this case based on the evidence that came in and the circumstances. And when I consider that, I don't think it is equitable to treat the Defendants as one, particularly the Defendants, including the Estate of Kyle Entrekin and the Silbernagels. I don't think that that would be equitable at all. And so—so I decline to join anybody to anybody."

After the court made its ruling, plaintiff requested a clarification of whether the court was finding that the Silbernagels were vicariously liable for Entrekin or for each other, and the court clarified that it was not finding any vicarious liability:

"[PLAINTIFF]: You didn't make a specific ruling on the issue of whether or not the Silbernagels are vicariously liable for the conduct of the driver of the vehicle.

"THE COURT: I'm not finding that they are vicariously liable.

"[PLAINTIFF]: Okay. All right. For each other?

"THE COURT: Even if I can make that finding.

"[PLAINTIFF]: Okay.

"THE COURT: I'm not finding that."

The court entered a judgment that each defendant was severally liable only for an amount of damages that was the calculated percentage of fault as found by the jury.

Plaintiff appeals, and the Silbernagels cross-appeal. We start by addressing the Silbernagels' cross-appeal because those assignments of error, if correct, would obviate the need for us to address plaintiff's appeal.

## I.   CROSS-APPEAL

A. *Statutory Liability Claim*

We first address the Silbernagels' third assignment of error, arguing that the trial court erred in submitting plaintiff's statutory liability claim under ORS 471.565(2) to

the jury. After this case was submitted to us for decision, the Supreme Court issued its decision in *Deckard*. In that case, the court concluded that ORS 471.565(2) does not provide "a statutory liability claim against alcohol providers that exists independently of a claim for common-law negligence." *Deckard*, 358 Or at 757. In additional authorities, plaintiff concedes that *Deckard* requires reversal of the judgment for plaintiff on the statutory liability claim. We agree, and, accordingly, we reverse the judgment for plaintiff on the statutory liability claim.[2] That disposition also obviates the need for us to address the Silbernagels' second assignment of error.

B. *Serving Alcohol to Minors*

In their first assignment of error, the Silbernagels assert that the "trial court erred in allowing plaintiff to prove and argue that Eric and Lawrence served alcohol to minors at the party, and in giving plaintiff's proposed instruction that such conduct was unlawful." In their argument, the Silbernagels clarify that they are arguing that the trial court erred (1) in denying its motion *in limine* seeking to exclude evidence or argument that the Silbernagels invited and served minors at their party and (2) in submitting a jury instruction to the jury that included an instruction that serving alcohol to minors is unlawful.[3]

---

[2] In the Silbernagels' additional authorities addressing *Deckard*, they assert that the trial court's error in submitting the statutory liability claim to the jury also requires that we reverse and remand for a new trial on plaintiff's negligence claim. However, the Silbernagels did not assert that argument in its opening or reply brief on cross-appeal, and we will not entertain an argument raised for the first time in additional authorities. *See, e.g., State v. Lobo*, 261 Or App 741, 747 n 2, 322 P3d 573, *rev den*, 355 Or 880 (2014) (noting that "a memorandum of additional authorities is not a proper vehicle in which to advance arguments that were not made in defendant's opening or reply briefs").

[3] The court instructed the jury as follows:

"A social host is one who receives guests, whether friends or associates, in a social setting, including one's home or residence, and the host serves or directs the serving of alcohol to guests.

"No one other than the person's parent or guardian may sell, give or otherwise make available any alcoholic liquor to a person under the age of 21 years.

"A person who exercises control over private real property may not knowingly allow any other person under the age of 21 years who is not a child or minor ward of the person to consume alcoholic liquor on the property, or allow any other person under the age of 21 years who is not a child or minor ward of the person to remain on the property if the person under the age of 21 years consumes alcoholic liquor on the property."

As an initial matter, we admonish that the Silbernagels have not complied with ORAP 5.45 in bringing this assignment of error. It is fundamental that, to obtain appellate review, "[e]ach assignment of error shall be separately stated" and "[e]ach assignment of error shall identify precisely the legal, procedural, factual, or other ruling that is being challenged." ORAP 5.45(2), (3). An assignment of error does not comply with ORAP 5.45(3) if "it assigns error to what is essentially a legal conclusion and not a specific ruling." *Rutter v. Neuman*, 188 Or App 128, 132, 71 P3d 76 (2003). Here, in a single assignment of error, the Silbernagels assert that the trial court erred with respect to two separate rulings that raise different preservation and review issues. Combining those issues under a single assignment of error hinders our evaluation of the merits of the Silbernagels' argument. Nonetheless, we briefly turn to the Silbernagels' relevancy argument.

The Silbernagels argue that the trial court erred in denying their motion *in limine* seeking to exclude all evidence that minors were at the party and drank alcohol because the evidence was irrelevant to the specifications of negligence raised in the pleadings, citing OEC 401 and OEC 402.[4] In denying that motion, the trial court determined that that general category of evidence was relevant to explain the circumstances of the party and to the issue of punitive damages. However, the trial court left open whether any particular evidence would be admissible, or argument allowed, at trial, as the court was skeptical that the evidence could be used for all the purposes advanced by plaintiff at the hearing. The Silbernagels, however, assign error to only the trial court's pretrial ruling and do not assign error to any particular instance of the court admitting evidence or allowing argument at trial.

---

[4] OEC 401 provides that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

OEC 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Oregon Evidence Code, by the Constitutions of the United States and Oregon, or by Oregon statutory and decisional law. Evidence which is not relevant is not admissible."

To be relevant, evidence must tend "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OEC 401. "The threshold established by OEC 401 is 'very low'—if evidence even slightly increases or decreases the probability of the existence of a fact of consequence, then it is relevant." *State v. Grey*, 175 Or App 235, 249, 28 P3d 1195 (2001), *rev den*, 333 Or 463 (2002) (quoting *State v. Titus*, 328 Or 475, 480-81, 982 P2d 1133 (1999)). Here, the challenged category of evidence—that Eric and Lawrence invited minors to their party and served them alcohol—was relevant to rebut the Silbernagels' defense that Entrekin and plaintiff, a minor, were party crashers and were not served alcohol at the party. It was also a permissible inference from the challenged category of evidence and relevant to punitive damages that, by inviting and serving minors, the Silbernagels' course of conduct of serving Entrekin alcohol while he was visibly intoxicated was not an isolated incident but part of a larger, alcohol-infused party scene cultivated by the Silbernagels. *See* ORS 31.730(1) (punitive damages are available if the party "has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others"). Accordingly, the trial court did not err in concluding that the general category of evidence relating to minors at the party was relevant. For similar reasons, we reject the Silbernagels' challenge to the jury instruction regarding the consumption of alcohol by minors.

## II. APPEAL

We turn to plaintiff's appeal, which challenges the trial court's refusal to combine the jury's fault allocations for Eric and Lawrence in the final judgment and challenges the trial court's refusal to find Eric and Lawrence vicariously liable for each other's conduct.[5] We address each of those arguments separately.

---

[5] Plaintiff also sought to combine the fault of Eric, Lawrence, and Entrekin on the statutory liability claim and, on appeal, assigns error to the trial court's refusal to do so. Because we reverse the judgment for plaintiff on that claim based on *Deckard*, we do not address those arguments.

## A.  *ORS 31.605(4)*

In his first assignment of error, plaintiff argues that the trial court erred when it refused to combine the allocated fault of Eric and Lawrence in the judgment, under ORS 31.605(4). Because the parties' arguments require statutory context, we begin with a brief discussion of Oregon's comparative fault scheme.

In a negligence action, when the jury determines that multiple defendants were negligent and the conduct of each was a cause of the plaintiff's injuries, the jury "is then required to determine the relative fault of the defendants and to apportion the plaintiff's damages between them on that basis," as provided by ORS 31.600(2).[6] *Lasley v. Combined Transport, Inc.*, 351 Or 1, 13, 261 P3d 1215 (2011). Under ORS 31.605, any party can request that the jury answer special questions in the verdict form related to the comparative fault scheme. That statute provides, in part:

"(1)  When requested by any party the trier of fact shall answer special questions indicating:

"(a)  The amount of damages to which a party seeking recovery would be entitled, assuming that party not to be at fault.

"(b)  The degree of fault of each person specified in ORS 31.600(2). The degree of each person's fault so determined shall be expressed as a percentage of the total fault attributable to all persons considered by the trier of fact pursuant to ORS 31.600.

"* * * * *

"(4)  For the purposes of subsection (1) of this section, the court may order that two or more persons be considered a single person for the purpose of determining the degree of fault of the persons specified in ORS 31.600(2)."

In addition, under ORS 31.610(1), "[e]xcept as otherwise provided in this section, in any civil action arising out

---

[6]  ORS 31.600(2) provides, in part:

"The trier of fact shall compare the fault of the claimant with the fault of any party against whom recovery is sought, the fault of third party defendants who are liable in tort to the claimant, and the fault of any person with whom the claimant has settled."

of bodily injury, death or property damage, * * *, the liability of each defendant for damages awarded to plaintiff shall be several only and shall not be joint." The "except as otherwise provided" provision in ORS 31.610(1) allows for the reallocation of uncollectible damage amounts to the other defendants found to be at fault. ORS 31.610(3) - (6). ORS 31.610(2) also sets out the judgment that a trial court is required to enter in the types of actions listed in subsection (1):

> "In any action described in subsection (1) of this section, the court shall determine the award of damages to each claimant in accordance with the percentages of fault determined by the trier of fact under ORS 31.605 and shall enter judgment against each party determined to be liable. The court shall enter a judgment in favor of the plaintiff against any third party defendant who is found to be liable in any degree, even if the plaintiff did not make a direct claim against the third party defendant. The several liability of each defendant and third party defendant shall be set out separately in the judgment, based on the percentages of fault determined by the trier of fact under ORS 31.605. The court shall calculate and state in the judgment a monetary amount reflecting the share of the obligation of each person specified in ORS 31.600(2). Each person's share of the obligation shall be equal to the total amount of the damages found by the trier of fact, with no reduction for amounts paid in settlement of the claim or by way of contribution, multiplied by the percentage of fault determined for the person by the trier of fact under ORS 31.605."

In sum, that section requires a trial court to enter a judgment imposing several liability against each defendant found to be at fault in the percentage of fault determined by the jury.

Turning back to the circumstances of this case, as set out above, plaintiff had requested that the trial court enter a judgment that combined the jury's allocated fault of Eric and Lawrence so that they would be jointly liable for those amounts, based on plaintiff's theory that they had acted "in concert" in hosting the party and serving Entrekin.[7]

---

[7] Plaintiff also had made similar requests before the case was submitted to the jury. However, plaintiff assigns as error on appeal only the trial court's refusal to combine the Silbernagels' fault after the jury's verdict.

After a hearing on that issue, the trial court proceeded with the assumption that it had authority to join the Silbernagels after the verdict, but concluded that it had equitable discretion to decline to join them "even if the court were to make a finding that they were acting in concert." Based on that understanding of the statute, the court determined that it would be inequitable to join any of the defendants and "decline[d] to join anybody to anybody."

On appeal, plaintiff asserts that the trial court correctly concluded that it had authority to combine the fault of Eric and Lawrence post-verdict, but legally erred when it refused to do so. Plaintiff argues that the legislature, in enacting ORS 31.605(4), intended to preserve established common-law bases for joint liability, such as tortfeasors acting in concert, as exceptions to the general abolition of joint and several liability. Because Eric and Lawrence were acting in concert, plaintiff argues, the trial court was required to combine their fault allocations into a joint liability obligation.

Plaintiff further asserts that the trial court had no equitable authority to refuse to impose joint liability because the "may" wording of ORS 31.605(4) does not give discretion to a court to decline to combine the fault of tortfeasors acting in concert. Plaintiff asserts that the statute only allows a court to decline to combine fault pre-verdict so that fault can be assessed separately for independent conduct, but preserves the court's ability to combine that fault post-verdict. Plaintiff supports that argument by pointing to the contribution statute, ORS 31.805, which allows contribution recovery as against a joint tortfeasor only when the person seeking contribution has paid more than their percentage of fault as found by the jury in the original action. Thus, plaintiff reasons, the statutory scheme contemplates that the jury will allocate fault for each defendant individually, which preserves the joint tortfeasors' ability to recover contribution, while still allowing the court to make certain defendants jointly liable.

The Silbernagels respond that, under ORS 31.610, the trial court had no authority to enter a judgment that held Eric and Lawrence jointly liable or award damages

against them in an amount greater than their respective share of fault as allocated by the jury. The Silbernagels also argue that the text of ORS 31.605(4) permits a trial court to only determine pre-verdict to have the jury treat defendants as one person for purposes of allocating fault and nothing in the statute permits a trial court to reallocate fault post-verdict. In addition, the Silbernagels argue that ORS 31.805 only applies to contribution actions and thus has no application here.

The parties' arguments require us to construe ORS 31.605(4) to determine whether the trial court could combine the Silbernagels' allocated fault post-verdict under that statute, and, if it could, whether it was required to do so in this case. In construing the statute, "[w]e give primary weight to the text and context of the provision in light of any legislative history that may be appropriately considered." *Greenfield v. Multnomah County*, 259 Or App 687, 698, 317 P3d 274 (2013) (citing *State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009)).

We first turn to the text of subsection (4), which provides that, "[f]or the purposes of subsection (1) of this section, the court may order that two or more persons be considered a single person for the purpose of determining the degree of fault of the persons specified in ORS 31.600(2)." The first clause of that subsection informs us when the procedure provided for may be used: "For the purposes of subsection (1)." Subsection (1) provides that,

"[w]hen requested by any party the trier of fact shall answer special questions indicating:

"(a)  The amount of damages to which a party seeking recovery would be entitled, assuming that party not to be at fault.

"(b)  The degree of fault of each person specified in ORS 31.600(2). The degree of each person's fault so determined shall be expressed as a percentage of the total fault attributable to all persons considered by the trier of fact pursuant to ORS 31.600."

ORS 31.605(1). Thus, subsection (4) provides that combining defendants for consideration as a single person applies

only for the purpose of submitting the special questions in subsection (1) to the trier of fact. In addition, subsection (4) states that "the court may order that two or more persons be considered a single person *for the purpose of determining the degree of fault of the persons specified in ORS 31.600(2)*." ORS 31.605(4) (emphasis added). That emphasized wording again states that the purpose of having defendants considered a single person is for the trier of fact to determine the allocation of fault. Based on the text of subsection (4), the trial court could only have combined the Silbernagels to be considered as a single person *before* the jury allocated fault in the special verdict.

The context of ORS 31.610 supports that textual reading. ORS 31.610 permits imposition of several liability only, except as that statute otherwise provides, and further requires a trial court to enter a judgment "against each party determined to be liable * * * based on the percentages of fault determined by the trier of fact under ORS 31.605." ORS 31.610(1) - (2). The only exception to several liability under ORS 31.610 pertains to amounts that are later determined to be uncollectible, ORS 31.605(3), which is not at issue in this appeal.

Plaintiff's assertion that the legislative history of ORS 31.605(4) indicates that the legislature intended to preserve common-law joint liability doctrines, such as acting in concert, does not lead to a different result, nor does plaintiff's reliance on ORS 31.805.[8] The text of ORS 31.605 and ORS 31.610 provides for a scheme whereby, if circumstances warrant it, then defendants may be submitted to the trier of fact to be considered as a single person for fault allocation. That idea is also found in ORS 31.805. ORS 31.805(2) ("If equity requires, the collective liability of some as a group

---

[8] ORS 31.805 provides:

"(1) The proportional shares of tortfeasors in the entire liability shall be based upon their relative degrees of fault or responsibility. In contribution actions arising out of liability under ORS 31.600, the proportional share of a tortfeasor in the entire liability shall be based upon the tortfeasor's percentage of the common negligence of all tortfeasors.

"(2) If equity requires, the collective liability of some as a group shall constitute a single share. Principles of equity applicable to contribution generally shall apply."

shall constitute a single share. Principles of equity applicable to contribution generally shall apply.").

The drafters of ORS 31.605(4) were aware of the contribution statute and specifically wanted to bring forward the idea stated in ORS 31.805(2) into ORS 31.605(4) to prevent unfairness, to plaintiffs and as between defendants, up front. Subsection (4) was added to ORS 31.605 in 1995 as part of the same bill that established, under ORS 31.610, the imposition of several liability only and added as an exception to several liability reallocation of uncollectible shares. Or Laws 1995, ch 606, §§ 4-5. In introducing the newly added subsection (4), the drafters discussed its purpose and how it fit into the overall scheme:

> "[MR. NEUBERGER:] I wanted to comment on one other handwritten change, Mr. Chairman, if I could, which appears on Page 5 added to Section 4 which is the amendment to ORS 18.480 [(1995), *renumbered as* ORS 31.605 (2003)]. * * * It simply says that where some group of parties should be treated as a group, that their percentage will be listed as one and that—the commentary to the Uniform Act specifically gives the examples of an employer, an employee as you have a truck driver, you sue the trucking company. The trucking company can't say oh, let's go collect it from our employee who has nothing. Their fault should be considered as one. The same thing would be true in a products liability case. You would group both the seller and the manufacturer. And, frankly, in many cases, that's to the benefit of the defendants because it might result in their percentages being smaller.

> "[MR. TONGUE:] In that regard, for the record, there's a statute that's not referred to here. It's [ORS] 18.445 [(1995), *renumbered as* ORS 31.805 (2003)] which already gives the court the equitable authority to lump more than one defendant in a—in a pot here. The same thing as this language. *We're not attempting by doing this to add or subtract from that statute but to bring that thought into the specific place in [ORS 31.605] where these matters are applied, so it's intended to do that.*

> "* * * * *

> "[MR. NEUBERGER:] And I do agree with Tom about that. As I say, the purpose was not to change an existing

practice and generally, and there might be cases where—where the fault of an employee and the employer would need to be expressed separately. But under the general case, the truck driver that runs the red light, that type of case thing, we're anticipating that the—*they'll be expressed as one slot on the verdict form for both those defendants so that the—there wouldn't be any unfair result coming from that.*"

Tape Recording, Senate Committee on Judiciary, SB 601, May 17, 1995, Tape 171, Side A (statements of Robert Neuberger and Thomas Tongue) (emphases added). Thus the legislative intention, as reflected in the drafters' comments, fits precisely with the text of subsection (4). That is, the legislature intended that ORS 31.605(4) would work so that, when circumstances warrant, defendants would be combined for treatment as a single person in the verdict form, which results in those defendants also having only a "single share" of liability for purposes of the contribution statutes. There is no conflict between ORS 31.605(4) operating solely as a pre-verdict mechanism and the contribution scheme because, if circumstances warrant treating defendants as a single person for fault allocation, ORS 31.605(4), those circumstances also necessarily warrant treating them as having only a single share of liability for contribution purposes, ORS 31.805(2).

What the comparative fault statutory scheme does not contemplate is that the trial court could ignore the jury's fault allocation after a verdict is issued and enter a judgment for the plaintiff that treats defendants as a single person, effectively imposing joint liability. Proceeding in such a manner is contrary to the requirements of ORS 31.610 and the text of ORS 31.605(4). Further, there is nothing in the legislative history identified by plaintiff that suggests that the text of ORS 31.605(4) does not reflect the legislature's intention of how the comparative fault scheme works.

Because plaintiff only assigns error to the trial court's refusal to combine Eric's and Lawrence's fault allocations post-verdict, which is not permitted by ORS 31.605(4), we affirm.

## B. *Acting "In Concert" Finding*

In his second assignment of error, plaintiff argues that the trial court erred when it refused to make a post-verdict finding of whether or not Eric and Lawrence acted "in concert." The Silbernagels respond that, contrary to plaintiff's assertions on appeal, the trial court did make the requested finding, just not the one plaintiff wanted—that is, the court found that Eric and Lawrence were not vicariously liable for each other. We agree with the Silbernagels.

As set out above, after the court ruled that it would not combine Eric's and Lawrence's fault in the judgment, plaintiff requested a clarification on its requested vicarious liability findings:

"[PLAINTIFF]: You didn't make a specific ruling on the issue of whether or not the Silbernagels are vicariously liable for the conduct of the driver of the vehicle.

"THE COURT: I'm not finding that they are vicariously liable.

"[PLAINTIFF]: Okay. All right. For each other?

"THE COURT: Even if I can make that finding.

"[PLAINTIFF]: Okay.

"THE COURT: I'm not finding that."

Thus, the court did not refuse to make a finding at all; rather, the court refused to make the finding plaintiff wanted. In doing so, the court was finding that Eric and Lawrence were not vicariously liable for each other. The court's statement that it was so finding, "even if I can make that finding," clarifies that the court was making a finding on the requested matter. Because the trial court did not err in the manner asserted by plaintiff, we affirm.

On appeal, affirmed; on cross-appeal, statutory liability claim reversed; otherwise affirmed.